# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OSCAR ARNALDO FERNANDEZ TELLEZ,

      Petitioner,

    v.                                      Case No. 1:26-cv-01166 KWR-JMR

WARDEN, *Torrance County Detention Facility*,
TODD M. LYONS, *Acting Director of
Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office
Director for Detention and Removal,
U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department
Of Homeland Security*,

      Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. In 2023, Petitioner arrived at a port of entry on the border and was paroled into the United States until June or September 2025. At the time of his parole at the border, he was clearly an arriving alien or seeking admission into the United States and therefore, absent parole, he would have been subject to mandatory detention under 8 U.S.C. § 1225(b). His parole ultimately expired and he was taken into custody. Petitioner seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

## BACKGROUND

Petitioner is a citizen of Cuba detained by ICE at the Torrance County Detention Facility in New Mexico. Doc. 1 at 4. Petitioner was paroled into the country on September 23, 2023. Doc. 1 at 4. The parole period was for two years. Doc. 1 at 22. Respondents assert that Petitioner's parole expired on June 12, 2025. Doc. 4 at 10. Thus, Petitioner's parole expired either in June or September 2025.

On February 1, 2026, Petitioner was arrested in Ector County, Texas for alleged possession of a controlled substance under one gram. Doc. 1 at 5. On February 3, 2026, he was taken into immigration custody and DHS issued a Notice to Appear. *Id.* DHS placed Petitioner in removal proceedings, classifying him as an arriving alien. *Id*.

Petitioner's claims are unclear. Petitioner asserts that he has been improperly classified as mandatorily detained under 8 U.S.C. § 1225. Petitioner also appears to assert that his mandatory detention under § 1225(b) without a bond hearing violates his procedural due process rights. He also appears to assert that his detention is prolonged and violates due process.

**DISCUSSION**

**I.      Petitioner is appropriately detained under 8 U.S.C. §§ 1225(b).**

Petitioner is mandatorily detained at this time under § 1225(b). As explained below, Petitioner was paroled into the country at a port of entry. Upon the termination of his parole, he was returned to his custody status at the border, which falls under § 1225(b).

Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) while a decision on his removal proceedings is pending. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an

applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Under 8 U.S.C. § 1226(a), however, detention is a discretionary decision.

Here, Petitioner's detention clearly falls under § 1225(b). While at a port of entry at the border in 2023, he was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). At the time of his parole at the border, he was clearly arriving at the border or seeking admission into the United States, and therefore subject to mandatory detention under § 1225(b), absent parole. Applicants for admission may be released on parole on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served" the noncitizen shall "be returned to the custody from which he was paroled…." *Id.*

As this Court has previously determined, once § 1182 parole is terminated, a petitioner is returned to the legal status held at the time that parole was granted. *Flores Diaz v. Mullin*, No. 2:26-cv-00639-KWR-JHR, 2026 WL 1481585, at * 14 (D.N.M. May 27, 2026). Petitioner's parole expired in 2025 before he was detained. Consistent with the Court's reasoning in *Flores Diaz,* which the Court adopts and incorporates herein, once Petitioner's parole was terminated, he was returned to his status when he was paroled at the border, which falls under § 1225(b).[1]

---

[1] In his Petition, Petitioner does not raise a claim challenging the expiration of his parole or the manner of the revocation of his parole. He also does not cite to authority challenging how his parole was revoked. The Court declines to *sua sponte* raise or analyze this separate claim on his behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants).

3

Therefore, Petitioner is mandatorily detained under § 1225(b) at this time.

## II. Petitioner's mandatory detention under § 1225(b) does not violate his due process rights.

Petitioner appears to assert that due process requires a bond hearing even for those detained under § 1225(b). As the Court explained in *Flores Diaz,* noncitizens such as Petitioner who are detained at the border have procedural due process rights as set forth by Congress. *Flores Diaz v. Mullin*, No. 2:26-cv-00639-KWR-JHR, 2026 WL 1481585, at * 14 (D.N.M. May 27, 2026). When Petitioner's parole was terminated, he reverted to the status of a noncitizen at the border and became subject to § 1225. *Id.* Therefore, he is subject to mandatory detention under § 1225 and is not entitled to a bond hearing under § 1226(a). Where a noncitizen was detained under § 1226(c), the United States Supreme Court stated that detention during removal is a constitutionally permissible part of that process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003). Thus, he has received the procedures set forth by Congress.

Petitioner's parole does not grant him greater due process rights than he had at the border. The entry fiction doctrine, a legal fiction, creates a distinction between a noncitizen who has "effected an entry" into the United States and a noncitizen who arrives at a port of entry or is detained shortly after unlawful entry. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020). The entry fiction creates a distinction in which noncitizens "who arrive at ports of entry" or are "detained shortly after unlawful entry" are " 'treated' for due process purposes 'as if stopped at the border,' " even if they were "paroled elsewhere in the country for years pending removal." *Id.* (citations omitted). The Tenth Circuit has recognized this doctrine in the parole context. *See Sierra v. INS*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("Although [the noncitizen parolee] has been physically present in the United States for more than twenty years, [he] is 'legally

4

considered to be detained at the border and hence as never having effected entry into this country.' " (citing *Gisbert v. U.S. Att'y Gen.*, 988 F.2d 1437, 1440 (5th Cir. 1993), *amended by* 997 F.2d 1122 (5th Cir. 1993))). When a noncitizen is considered detained at the border, then "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Id.* (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)).

*Sierra* is highly relevant to Petitioner's procedural due process claim. In that case, the Tenth Circuit held that a petitioner who had been paroled into the United States and was physically in the United States for over twenty years was considered detained at the border and never effected an entry into the United States for procedural due process purposes. 258 F.3d at 1218–19. The Tenth Circuit applied the entry fiction doctrine and explained that the petitioner was only entitled to the procedures authorized by Congress because he was considered "detained at the border." *Id.* at 1218. Here, it appears that Petitioner was paroled into the country at a port of entry in 2023. He does not challenge the expiration of his parole. Thus, his procedural due process rights are limited to the procedures authorized by Congress. Here, 8 U.S.C. § 1225(b) mandates his detention pending a decision on his removal proceedings.

Alternatively, his procedural due process claim fails because he has not analyzed the *Mathews* factors or explained how his procedural due process rights were violated, and therefore he has not carried his burden.

To be sure, Petitioner has substantive due process rights even though he is considered detained at the border. *Sierra*, 258 F.3d at 1218 n.3. But Petitioner does not assert a substantive due process claim in his Petition. *See* Doc. 1. For example, in his Petition he does not assert that his detention is punitive or does not serve a legitimate governmental purpose. As explained above, Petitioner is mandatorily detained pending a decision on his removal proceedings. The Supreme

Court of the United States has rejected a substantive due process challenge to detention under § 1226(c). *Demore v. Kim*, 538 U.S. 510, 515, 531 (2003) (where a noncitizen was detained under§ 1226(c), stating that "detention during removal proceedings is a constitutionally permissible part of that process."). And Petitioner has not asserted any facts suggesting that his detention is punitive and that his detention is unrelated to a legitimate purpose.[2]

Therefore, the Court denies Petitioner's due process claim based on his lack of a bond hearing.

**III.** **Petitioner has not demonstrated that his detention is so prolonged as to violate due process.**

Finally, Petitioner has not demonstrated that his four month detention is so prolonged as to violate due process. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y.

---

[2] Although Petitioner summarily suggests his detention is punitive in his Reply, he may not assert claims for the first time in his reply brief.

2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

Here, as explained above, Petitioner's procedural due process rights are limited.  Some district courts in this circuit have held there is no procedural due process violation for prolonged detention where the noncitizen is held under § 1225(b). *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020) (concluding petitioner, detained under 8 U.S.C. § 1225(b)(2)(A), "has no statutory right to release or a bond hearing" and thus "has no due-process right to the relief requested."); *Richards v. Choate,* No. 1:25-CV-03134-DDD-STV, 2025 WL 4474703, at *4 (D. Colo. Dec. 5, 2025).

To be sure, some courts have held that noncitizens detained under a different statutory provision, § 1226(a), are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other

hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[3] But here, Petitioner is detained under § 1225(b), not § 1226. Therefore, the Court need not decide which line of cases to follow. Petitioner has not argued or cited to any authority or test to determine whether or when the length of detention under § 1225(b) violates due process. As explained below, the Court declines to argue this point for Petitioner. But even assuming he had full procedural due process rights, Petitioner does not analyze the *Mathews* factors to demonstrate that a four month detention violates procedural due process. He has thus failed to carry his burden.

However, although never effectuating an entry into the country, Petitioner maintains substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

Here, Petitioner does not assert in his Petition that his substantive due process rights have been violated. Petitioner has not argued or demonstrated that his detention is punitive or not related

---

[3] The courts in *Borbot* and *Rodriguez Diaz* noted that their rulings were fact-dependent, and they did not rule out requiring an additional bond hearing in future cases.

to a legitimate purpose. Therefore, Petitioner has not adequately asserted a substantive due process claim or failed to carry his burden.

Alternatively, the Court notes that Petitioner has only been detained for approximately four months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Petitioner does not argue or show that the ongoing proceedings are a ruse "to incarcerate [him] for other reasons." *Demore v. Kim*, 538 U.S. 510, 553 (2003) (Kennedy, J., concurring). Therefore, it is clear that Petitioner is detained pending a decision on removal, and not to merely punish him. Petitioner has not demonstrated that a decision on his removal will not occur. Moreover, his detention is reasonably related to the legitimate purpose of adjudicating his removal and ultimately removing him from the country. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal. Therefore, Petitioner has not demonstrated that his substantive due process rights have been violated.

Finally, Petitioner appears to assert that his indefinite detention violates *Zadvydas v. Davis,* 533 U.S. 678 (2001). *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under 8 U.S.C. § 1231 pending his removal from the country. *Zadvydas v. Davis*, 533 U.S. 678 (2001). It addressed the unique situation where a final order of removal was entered, but it was not significantly likely in the reasonably forseeable future that the noncitizen would be removed from the country, leading to indefinite detention. *Id.* at 690, 701. However, the *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither

9

provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). Thus, *Zadvydas* does not apply here, as a final order of removal has not been entered.

Although some of these Supreme Court cases were resolved on statutory (or constitutional avoidance) grounds and not due process grounds, they suggest that the concerns regarding indefinite detention in *Zadvydas* do not apply to detention pre-removal. In *Demore,* the Supreme Court rejected a due process challenge to mandatory detention under § 1226(c) pending a decision on removal. *Demore v. Kim*, 538 U.S. 510 (2003). In the context of a due process claim, the Fourth Circuit noted that *Zadvydas's* concern regarding potentially indefinite detention did not apply to detention under § 1226(a) pending a decision on removal. *Miranda v. Garland*, 34 F.4th 338, 360 (4th Cir. 2022) (explaining that pursuant to *Demore,* "the due process concerns regarding post-removal hearing detention described in *Zadvydas* did not apply to detention pending the removal hearing.").

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for indefinite detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). The *Mwangi* court reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. *Id.* Here, Petitioner has not demonstrated that his detention is indefinite. He was detained by immigration authorities on February 3, 2026 and his removal proceedings are pending. He has been detained for approximately four months. He has not argued or demonstrated that there

10

is unlikely to be a decision on his removal proceedings.  Thus, Petitioner does not face the same indefinite detention concerns as the Petitioner in *Zadvydas*.

**IV.    <u>The Court declines to enjoin his removal</u>**.

Petitioner appears to request that the Court stay or enjoin removal proceedings pending the adjudication of his habeas petition. Doc. 1 at 2. Because the Court denies the habeas petition, the Court declines to stay or enjoin his removal proceedings.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Expedite (Docs. 8, 9, 10) are **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
